```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                   :
CHOICE HOTELS INTERNATIONAL,
INC.                               :

     v.                            :  Civil Action No. DKC 2005-2137

                                   :
KEDAR, INC., et al.
                                   :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Defendants Kedar, Inc., and Kiran Patel to stay the case in favor of arbitration. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant Defendants' motion in part.

**I.   Background**

On November 17, 1998, Defendants entered into a franchise agreement with Plaintiff Choice Hotels, International, Inc., for the operation of a Rodeway Inn in Florence, South Carolina. Defendants began operating the Rodeway Inn on or around June 15, 1999. On August 11, 2004, Plaintiff notified Defendants that it was terminating the franchise agreement immediately due to Defendants' failure to meet the minimum standards for the Rodeway Inn hotel brand. Plaintiff alleges that following the termination, Defendant continued to use Defendant's service marks, trademark, and trade names (collectively, the "Marks"), or "confusingly similar marks," in violation of the franchise agreement. Plaintiff

also alleges that Defendants breached the franchise agreement by failing to pay Plaintiff fees owed and by failing to pay damages owed due to the premature termination of the franchise agreement.

On August 4, 2005, Plaintiff filed a complaint with this court. (Paper 1). Plaintiff asserts multiple claims against Defendants: Count I, Federal Trademark Infringement; Count II, Federal Unfair Competition; Count III, False Designation and Description; Count IV, Misappropriation of Advertising Ideas or Style of Doing Business; Count V, Common Law Trademark Infringement; and Count VI, Breach of Contract.[1]  With regard to the alleged wrongful use of the Marks, Plaintiff seeks injunctive relief, payment of any profits earned during the infringement period, infringement damages, and damages to accomplish corrective advertising.  Plaintiff also seeks payment of unpaid franchise fees and charges, and damages for lost profits due to the early termination of the franchise agreement.  Plaintiff additionally requests the court to award it costs and reasonable attorneys' fees.  On September 2, 2005, Defendants filed a motion to stay in favor of arbitration. (Paper 6).

---

[1] On the same day, Plaintiff filed a motion for a preliminary injunction.  (Paper 2).  Before the court resolved the motion, Defendants voluntarily ceased using the Marks and on September 6, 2005, the court issued an Order finding Plaintiff's motion moot. (Paper 9).

**II.  Analysis**

The Federal Arbitration Act ("FAA") governs in a particular case if: "(1) there was an agreement in writing providing for arbitration and (2) the contract evidences a transaction involving interstate commerce." *Am. Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 963 (4th Cir. 1980).  As the court in *Michelin Tire Corp. v. Todd* noted:  "The Supreme Court has expressly rejected a narrow construction of 'commerce' as used in § 1 [of the FAA]."  568 F.Supp. 622, 624 (D.Md. 1983), citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401-02, n.7 (1967).  Determining whether the interstate commerce element is met is a fact-specific inquiry.  For instance, in *American Home Assurance Company*, 629 F.2d at 963, the United States Court of Appeals for the Fourth Circuit held that the FAA was applicable where the primary contractor's principal place of business was Alabama, the subcontractor was incorporated in Virginia, the project was in Virginia, the contract included subcontracts and purchase orders for products and equipment shipped to Virginia from various states, and non-resident employees worked on the project.  In *Michelin Tire Corp.*, 568 F.Supp. at 624, the court found that the interstate commerce element was met where the contract was between a Maryland guarantor and a New York obligee, and involved the payment of money from Maryland to New York.

In this case, there was an agreement in writing, the franchise agreement, which provided for arbitration. (Paper 2, ex. 2, at 12). The contract involved an interstate commercial transaction because: (a) Plaintiff's place of incorporation is Delaware and its principal place of business is Maryland; (b) Defendant Kedar, Inc. is incorporated in South Carolina and Kiran Patel is a citizen of South Carolina; (c) the franchise agreement related to the operation of a hotel in South Carolina; and (d) the agreement involved the payment of money from South Carolina to Maryland. *See Am. Home Assurance Co.*, 629 F.2d at 963; *Michelin Tire Corp.*, 568 F.Supp. at 624. Hence, the FAA applies.[2]

"[T]he FAA creates 'a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Hill v. PeopleSoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

> The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. *See also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 711 (4th Cir. 2001) ("Agreements to arbitrate are construed according

---

[2] Defendants' assertion that the South Carolina Uniform Arbitration Act applies is incorrect.

4

to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration."). A court should determine the threshold questions of whether parties are bound by an arbitration clause and whether a binding arbitration clause applies to a particular type of controversy. *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997).

At issue here is whether the parties agreed to arbitrate Plaintiff's claims. The arbitration provision states:

> Except for [Plaintiff's] claims against [Defendants] for indemnification, actions for collection of moneys owed us under this Agreement, or actions seeking to enjoin [Defendants] from using the Marks in violation of this Agreement, any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement . . . will be sent to final and binding arbitration . . . .

(Paper 2, ex. 2, at 12). Defendants maintain that Plaintiff is required to arbitrate the current dispute.[3] Plaintiff concedes that it may be required to arbitrate its claim for damages due to

---

[3] Defendants' motion is not a model of clarity. At points, Defendants appear to argue that the arbitration provision is unenforceable. For example, Defendants state that the arbitration clause violates South Carolina's Uniform Arbitration Act, that it has "vague and has conflicting provisions," and that it is a "one way street in favor of Choice." (Paper 6, at 2, 4). Moreover, the cases Defendants cite, *Pacificare Health Systems, Inc. v. Book*, 538 U.S. 401 (2003) and *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995), both involve instances where the validity of the arbitration provision was at issue because the provision allegedly violated federal law. Nevertheless, it appears that Defendants still seek to enforce the arbitration provision with regard to the current dispute. (Papers 6, at 5; 13).

the early termination of the agreement, but maintains that claims for fees due under the agreement, for trademark infringement, and for attorney fees in connection with those claims are not arbitrable.

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). The parties agree that their contract had an arbitration provision. The dispute is whether at least some of Plaintiff's claims fall within an articulated "exception" in the franchise agreement's arbitration provision. The arbitration provision expressly excludes "[Plaintiff's] claims against [Defendants] for indemnification," "actions for collection of moneys owed under the agreement," and "actions seeking to enjoin [Defendants] from using Plaintiff's Marks."

In *Choice Hotels, International, Inc. v. BSR Tropicana Resort, Inc.*, the Fourth Circuit interpreted an arbitration provision containing identical language to the one at issue here, and narrowly defined the terms "action for collection of moneys owed."[4]

---

[4] The arbitration provision at issue in *BSR Tropicana Resort, Inc.*, 252 F.3d at 709, stated:
> "Except for claims for indemnification, *actions for collection of moneys owed [to*
(continued...)

6

252 F.3d at 710. The court held that "the collection exemption applies to actions by Choice to enforce specific payment obligations that are 'fixed' by the Agreement and not contingent on additional events," and found that claims to collect fees owed under the agreement were exempted from arbitration. *Id*. The court concluded, however, that Choice's breach of contract claim was not within the collection exemption, because even though the agreement provided for liquidated damages and thus the amount was contractually determined, the obligation to pay did not arise from the formation of the contract but from an alleged breach (i.e., it was contingent on an additional event – the breach). *Id.* at 712. The court stated: "Because this is not a debt subject to collection, the collection exemption does not apply.

Plaintiff asserts multiple claims against Defendants. Some of Plaintiff's claims fall within the exemption provision of the arbitration clause. Plaintiff's request for injunctive relief, as well as its claim for unpaid franchise fees unrelated to

---

[4](...continued)
   *Choice] under this Agreement*, or actions seeking to enjoin [BSR] from using [Choice's trademarks] in violation of this Agreement, any controversy or claim relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, will be sent to final and binding arbitration . . . .
*Id.* (emphasis in original).

Defendants' breach, are both expressly exempted from arbitration.[5] Plaintiff's other claims - for infringement profits and damages and breach of contract early termination damages - are not exempted and thus are subject to arbitration.[6]  *See BSR Tropicana Resort, Inc.*, 252 F.3d at 710 (holding that claims arising from a breach of contract were not exempt from arbitration); *Choice Hotels Int'l Inc. v. Chewl's Hospitality, Inc.*, 91 Fed. Appx. 810, 817 (4th Cir. 2003) (unpublished) (considering a similar arbitration provision and finding that trademark infringement claims that arose after termination of the franchise agreement properly were arbitrated).

Accordingly, the court will stay proceedings on the fee claims and the request for injunctive relief pending arbitration of the other claims.  *See Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 97 (4th Cir. 1996) ("[T]he decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket.").  A separate Order will follow.

                                    /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge

---

[5] To the extent that Plaintiff seeks fees as part of the damages incurred from Defendants' breach, those claims are subject to the arbitration provision.  *See BSR Tropicana Resort*, 252 F.3d at 710.

[6] Plaintiff's request for attorney fees in connection with these claims is also subject to arbitration.

8